PER CURIAM.
We are concerned with a boundary dispute between two municipalities. The City of North Miami brought a suit seeking a declaratory judgment to determine the rights of the parties to a portion of Broad Causeway. The action was precipitated by the fact that the Town of Bay Harbor Islands sought and obtained from the Board of Trustees of the Internal Improvement Trust Fund permission to construct a seawall and to place fill along Broad Causeway. The Board of Trustees acted upon the presumption that the portion of the causeway to be effected was within the Town of Bay Harbor Islands. The City of North Miami claimed that it had jurisdiction over the area and that the bulkhead could not be installed without its permission.
Answer was filed to the complaint and a trial without jury was had. At the conclusion of the trial, the court entered judgment for the defendant, Town of Bay Harbor Islands, in salient portion as follows:
* * * * * *
“2. The boundaries of the defendant TOWN OF BAY HARBOR ISLANDS include the Broad Causeway and all approaches thereto as specified in the Charter of the TOWN OF BAY HARBOR ISLANDS, Laws of Florida, Acts of 1953, Chapter 28899, which takes precedence over the Charter of the plaintiff CITY OF NORTH MIAMI, Laws of Florida, Acts of 1953, Chapter 29318, so far as the boundaries of the parties are concerned with reference to Broad Causeway.
“3. Defendant TOWN OF BAY HARBOR ISLANDS has jurisdiction and powers over Broad Causeway to the same extent as any municipality has over the territory within its boundaries, including but not limited to the Broad Causeway toll facility, the Broad Causeway service station, and the facility on the Broad Causeway described in the complaint as a motor pool. This jurisdiction and these powers include but are not limited to changing the location of the toll plaza and service station.
“4. The provisions of Florida Statutes 253.124(1) are not applicable to the circumstances and it is not necessary for defendant TOWN OF BAY HARBOR ISLANDS to obtain any permits from plaintiff CITY OF NORTH MIAMI.”
******
This appeal is from that judgment.
The appellant presents a single point.
“Do the provisions of Florida Statute Section 253.124(1) require the appellee, Town of Bay Harbor Islands, to obtain approval from the governing body of the appellant, City of North Miami, before attempting to fill and bulkhead around the existing boundaries of the Broad Causeway ?”
It is apparent, however, that the real question to be determined is whether the court correctly found that the disputed portion of Broad Causeway was within the jurisdiction of the town of Bay Harbor Is *515 lands. The trial court went directly to that issue in the first paragraph of the judgment above quoted. It held that the act creating the Town of Bay Harbor Islands [that is Chapter 28899, Laws of Florida, 1953], had that effect and that the act being later in time than the act creating the City of North Miami, that the grant was effective. The trial court had before it the special acts creating the new municipalities. It is agreed that in the absence of the later act creating the Town of Bay Harbor Islands, the disputed area would fall within the municipal boundaries of the City of North Miami as described in the Charter of the City of North Miami [Laws of Florida, 1953, Chapter 29318], The question then becomes whether or not the Charter of the Town of Bay Harbor Islands which described its boundaries is sufficient to determine that the disputed area is within its municipal boundaries.
In the same session in which the legislature passed the special act creating the City of. North Miami [Chapter 29318, Laws of Florida], the legislature also created by special act the municipality of the Town of Bay Harbor Islands [Chapter 28899, Laws of Florida]. Chapter 28899, Section 6, which describes the territorial limits and jurisdiction of the newly created municipality of the Town of Bay Harbor Islands reads in part as follows:

“Section 6. Boundaries. — The corporate limits of the Town of Bay Harbor Islands, in Dade County, Florida-, are hereby fixed, defined, and established so as to include the following lands and territory in said county of Dade, in the State of Florida, to-wit:
"(A) All of Bay Harbor Island, a subdivision of Dade County, Florida, as shown in the plat thereof, which plat was recorded in Plat Book 46, at Page 5, of the Public Records of Dade County, Florida. The street designated as 96th Street in the recorded plat has always been known as Kane Concourse and shall henceforth be known as Kane Concourse.
“The jurisdiction and powers of the Town of Bay Harbor Islands shall extend over all streets, alleys, sewers, parks, bridges, including but not limited to the bridge spanning Indian Creek and the approach thereto from the East, which bridge connects Bay Harbor. Islands with Surfside and Bal Harbour, causeways, including but not limited to the Broad Causeway, and all approaches thereto, and all lands within said area, whether platted or unplatted, and to and over all waters, waterways, streams, bays, bayous, submerged lands, water bottoms and wharves, and to and over all persons, firms and corporations, property and property rights, occupations, businesses and professions whatsoever within said boundaries. [Emphasis Supplied]
“The title to and jurisdiction over all streets, thoroughfares, parks, alleys, public lots, bridges, causeways, waters, waterways and sewers, within the Town * * * now owned, possessed or operated by it, and all property of every kind and character which the Town may hereafter acquire within or outside of the Town, or which may vest in it, or be dedicated to it, for its use or for the public use, shall be vested in the Town of Bay Harbor Islands, as created under this act. Also, this title to all tidewater and other lands, and all creeks, bayous, and bay bottoms, and all waters, waterways and water bottoms, and all riparian rights within and adjacent to the Town limits, now owned by the State of Florida, shall be vested in the Town of Bay Harbor Islands, for municipal purposes only.”
******
Upon a close reading of this section, we conclude that the legislature intended an outright grant of jurisdiction over the entire Broad Causeway to the municipality of the Town of Bay Harbor Islands there being no such equivalent express grant of jurisdiction over the causeway (or the disputed westerly portion thereof) contained *516 in the special act which created the municipal corporation of the City of North Miami.
For the above reasons, we hereby affirm the judgment of the trial court.